IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WILLIAM FREDERICK JOHNSON,

           Petitioner,      :      Case No. 3:19-cv-287

  - vs -                       District Judge Thomas M. Rose
                                Magistrate Judge Michael R. Merz

WANZA JACKSON-MITCHELL, Warden,
  Warren Correctional Institution,

                                :
           Respondent.

## REPORT AND RECOMMENDATIONS

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, brought *pro se* by Petitioner William Frederick Johnson. Under Rule 4 of the Rules Governing § 2254 Cases, the clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. Upon filing, the instant Petition was assigned to District Judge Thomas Rose. As a collateral attack on a criminal judgment, the case has been referred to the undersigned by General Order Day 13-01.

Petitioner pleads six grounds for relief:

> **Ground One**: Petitioner entered into a plea of guilty with his Ineffective Assistance of Counsel knowing the Petitioner has mental health issues and is incompetent to enter pleas of guilty without

1

evaluation under guarantees of the Sixth and Fourteenth Amendments.

**Ground Two**: Motion to withdraw a plea of guilty on ineffective assistance of counsel to be analyzed as a question of law and fact under *Lafler v. Cooper*, 566 U.S. 156 1 132 S.Ct. 1376 and *Missouri v. Frye*, 566 U.S. 134, 132 S.Ct. 1399.

**Ground Three:** Motion to withdraw post-sentence the guilty plea done without the support of an affidavit by the Petitioner for manifest injustice from the ineffective assistance of counsel.

**Ground Four:** Prima Facie evidence on the record supports an evidentiary hearing on the claim of ineffective assistance of counsel with a motion to withdraw the guilty pleas post-sentence.

**Ground Five:** The Petitioner has been put in double jeopardy for the same offenses in violation of the Fifth Amendment of the United States Constitution.

**Ground Six:** The sentence of Petitioner is contrary to law and the Constitution of the United States.

(Petition, ECF No. 1, PageID 2-6.)

The last reasoned state court judgment to review Johnson's conviction is reported at *State v. Johnson*, 2019-Ohio-1259 (Ohio App. 2nd Dist. Apr. 5, 2019), appellate jurisdiction declined, 156 Ohio St. 3d 1454 (2019). The Second District found that Johnson had pleaded guilty to safecracking and petty theft in one case and to attempted burglary, three counts of breaking and entering, and carrying a concealed weapon in another case in November 2015. *Id.* at ¶ 2. He apparently took no direct appeal but filed a motion to withdraw his guilty pleas in June 2018. *Id.* After the Common Pleas Court of Champaign County denied that motion without a hearing, he sought appellate relief from the Second District.

The appellate court held that a claim of ineffective assistance of trial counsel such as Johnson makes is a proper basis for a post-sentence motion to withdraw a guilty plea. *Id.* at ¶ 7.

However, the record did not support a claim that any mental health issues affected his ability to plead guilty and thus his attorney was not ineffective for failing to raise that issue. *Id.* at ¶ 8.

Johnson also claimed he had been promised a four-year prison term by his attorney,[1] but the trial judge found that claim refuted by the written plea agreement which provided that no promises had been made. *Id.* at ¶ 9.

Johnson's second assignment of error was that the trial court had denied his motion to withdraw without a hearing. The Second District held Ohio law did not require a hearing in circumstances such as those presented here where Johnson had not submitted an affidavit in support of his claims.

Finally, Johnson argued his sentence was void because several of the offenses on which he was sentenced should have been merged under Ohio Revised Code § 2941.25 and he was unlawfully sentenced to prison on a misdemeanor petty theft conviction. The Second District held that erroneous failure to merge offense under that statute did not render a sentence void and any allied offenses claim was barred by *res judicata* because it had not been raised on direct appeal. *Id.* at ¶ 20. Finally, it found Johnson was sentenced only to jail, not prison, on the misdemeanor conviction. *Id.* at ¶ 21.

## Analysis

**Grounds One and Two: Ineffective Assistance of Trial Counsel**

---

[1] He was actually sentenced to ninety months.

In his First Ground for Relief, Johnson claims his attorney provided ineffective assistance of trial counsel by allowing him to plead guilty while he was incompetent to do so. In his Second Ground he asserts his constitutional entitlement to effective assistance in the plea negotiation process.

A criminal defendant is entitled under the Sixth Amendment to the effective assistance of counsel at trial and on all direct appeals of right. *Powell v. Alabama*, 287 U.S. 45 (1932)(capital cases); *Gideon v. Wainwright*, 372 U.S. 335 (1963)(felony cases); *Argersinger v. Hamlin,* 407 U.S. 25 (1972)(misdemeanor cases where imprisonment is a possibility); *Alabama v. Shelton,* 535 U.S. 654 (2002)(even if sentence is suspended). That right extends to effective assistance in the plea bargaining and entry process. *Missouri v. Frye*, 566 U.S. 133 (2012); *Lafler v. Cooper*, 566 U.S. 156 (2012).

The governing standard for ineffective assistance of trial counsel was adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing*

*Knowles v. Mirzayance,* 556 U.S.111, 122 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel=s challenged conduct, and to evaluate the conduct from counsel=s perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177, 1184 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

The Second District's decision of Johnson's appeal from denial of his motion to withdraw decided the ineffective assistance of trial counsel claim on the merits. It found that neither the record from trial nor anything Johnson had added to the record in his motion to withdraw reflected an incompetence to plead knowingly and voluntarily.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 100

(2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The Second District decided there was no factual basis for Johnson's claim of ineffective assistance of trial counsel for failure to raise a competency issue. A federal habeas court is bound by the factual findings of the state courts. *Cullen v. Pinholster*, 563 U.S. 170 (2011). If there was no factual basis for such a claim, then it could not be ineffective assistance of trial counsel under *Strickland* to fail to raise the claim. The Second District's decision on Johnson's ineffective assistance of trial counsel claims is therefore neither contrary to nor an objectively unreasonable application of *Strickland*. Johnson's first two Grounds for Relief should be dismissed on the merits.

**Grounds Three and Four: Process for a Motion to Withdraw a Guilty Plea.**

In his Third and Fourth Grounds for Relief, Johnson takes issue with the process by which his motion to withdraw was decided. He raised this issue in his Second Assignment of Error on appeal in the state court by claiming he should have been given an evidentiary hearing. The Second District decided this issue by noting that, under Ohio law, a defendant who raises a constitutional claim depending on evidence outside the record must do so by a petition for post-conviction relief under Ohio Revised Code § 2953.21. *Johnson*, 2019-Ohio-1259, ¶ 15. Johnson does not claim he ever filed such a petition and his time to do so had expired by the time he filed his motion to withdraw.

6

The objection Johnson raises is purely a matter of state law. Nothing in the United States Constitution speaks to any right a defendant might have to submit evidence on a constitutional claim made in a motion to withdraw. We are bound by the Second District's reading of Ohio law and the Magistrate Judge notes that that reading in this case is consistent with Ohio law generally in this area.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1, 5 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall, C. J.).

Because Johnson's Third and Fourth Grounds for Relief raise only Ohio law questions, they should be dismissed for failure to state a claim upon which federal habeas corpus relief can be granted.

**Ground Five: Double Jeopardy**

In his Fifth Ground for Relief, Johnson claims his convictions violate the Double Jeopardy Clause. In his Motion to Withdraw he raised this as a claim that he had been convicted and sentenced separately for allied offenses of similar import in violation of Ohio Revised Code § 2941.25.

While Johnson did not expressly mention the Double Jeopardy Clause in his state court

7

appeal, raising a § 2941.25 claim in the state courts fairly presents and therefore preserves a Double Jeopardy claim for federal habeas review. *Palmer v. Haviland*, 2006 U.S. Dist. LEXIS 95890 (S.D. Ohio May 11, 2006)(Weber, J., adopting Report of Hogan, M.J.), aff'd, 273 Fed. Appx. 480 (6th Cir. 2008).

The Second District did not decide Johnson's allied offenses/Double Jeopardy claim on the merits. Instead, it found that it could not consider that claim on a motion to vacate a void sentence because conviction and sentence for allied offenses did not render the conviction void. *Johnson*, 2019-Ohio-1259, ¶ 20. Moreover, because this claim could have been raised on direct appeal and Johnson never took a timely direct appeal, the claims were barred by *res judicata. Id.*

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman*, 501 U.S., at 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S.Ct. 2058, 2064 (2017).

The Sixth Circuit Court of Appeals requires a four-part analysis of whether a habeas claim is precluded by procedural default . *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord *Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

9

> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

The Second District declined to reach the merits of Johnson's allied offenses claim because it was barred by *res judicata.* The Sixth Circuit has repeatedly held Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

In his Petition Johnson offers no cause to excuse his failure to file a direct appeal. In the state court of appeals, he had accused his attorney of ineffective assistance of trial counsel for not advising him of his appeal rights, but the that court found the plea agreement form itself advised him of his appeal rights. *Johnson*, 2019-Ohio-1259, ¶ 9.

Because Johnson procedurally defaulted his allied offenses/Double Jeopardy claim to the state courts and those courts held that default against him, Ground Five should be dismissed on that basis.

**Ground Six: Unlawful Sentence**

In his Sixth Ground for Relief, Johnson complains that he has been sentenced to prison on his conviction for petty theft, a first degree misdemeanor, for which a prison sentence is not authorized. The Second District found that the question of authority to impose a prison sentence for a misdemeanor was academic because Johnson had been sentenced to jail on the misdemeanor conviction, to be served concurrently with his felony prison term.

It is difficult to understand Johnson's complaint here. A six-month term of imprisonment for petty theft has been authorized in Ohio law since 1974 when the criminal law was re-codified. Thus, the sentence itself is authorized and the United States Constitution does not speak to the place where a State may require a sentence of imprisonment to be served. If the trial judge could not legally order the misdemeanor sentence to be served concurrently with the felony sentence, the alternative would be to have the sentences served consecutively, which would add six months actual incarceration to Johnson's time.

In any event since the Constitution does not speak to this issue, Johnson's Sixth Ground for Relief should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any

appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 12, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).